UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)   Criminal No. 95-0088 (PLF)<br>PERCY BARRON,    )<br>)<br>Defendant.    )<br>) | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Percy Barron's Motion to be Released From Detention or to be Transferred to a Medical Center under 18 U.S.C. § 3582(c)(1)(A). Motion Request for this Court to Immediately Release Defendant from the Penitentiary or Court Order for the Federal Bureau of Prisons to Immediately Transfer Defendant to the U.S. Medical Center for Federal Prisoners in Lexington, Kentucky Due to the Coronavirus Crisis at USP McCreary ("Def.'s Mot.") [Dkt. No. 540]. The government opposes the motion, arguing that Mr. Barron has not exhausted his administrative remedies and that the Court has no authority to order a transfer. Government's Opposition to Defendant's Pro Se Motion to be Released From Detention [Dkt. No. 542].

The Court is inclined to deny the motion because while Mr. Barron is eligible for release under the First Step Act, he has not exhausted his administrative remedies. It has been established in the District of Columbia that the exhaustion requirement of Section 3582(c)(1)(A) is not jurisdictional. See United States v. Jennings, Criminal No. 18-cr-17, 2020 U.S. Dist. LEXIS 70800, at *5 (D.D.C. April 22, 2020) ("Finally, as other courts have found, the 30-day rule is not jurisdictional, but rather is a claims processing rule that determines who moves for

release and when."); United States v. Morris, Criminal No. 12-0154, 2020 U.S. Dist. LEXIS 91040, at *9 (D.D.C. May 24, 2020) ("A jurisdictional rule, therefore, must not be inferred lightly.  Indeed, the Supreme Court has repeatedly held that procedural rules . . . cabin a court's power only if Congress has clearly stated as much.  Without such a clear statement, the court must treat the restriction as nonjurisdictional in character.") (citing Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 153 (2013)) (internal quotation marks and citation omitted).  No clear jurisdictional language appears in Section 3582(c)(1)(A).  Exhaustion is, however, an important mechanism through which the Bureau of Prisons ("BOP") may determine the eligibility for the release of prisoners.

Mr. Barron argues that requiring him to exhaust his administrative remedies would be futile because "FBOP Program Statement Policy 5050.50, Compassionate Release/Reduction Sentence, on Ineligible Offenders, states that DC prisoners with DC Code offenses confined in the United States Federal Prison institution is ineligible for compassionate release.  There are no other remedies available for me."  Defendant Percy Barron Response to the Government Opposition to Defendant Pro Se Motion to be Released from Detention [Dkt. No. 544] at 7.  The Court is not persuaded by Mr. Barron's reason for failing to exhaust his administrative remedies in view of the fact that he was sentenced for a number of federal offenses under the United States Code as well the D.C. Code offenses to which he refers.  See Judgment as to Percy Barron ("Judgment") [Dkt. No. 274] at 1.  It is not certain, therefore, that the BOP would have summarily denied Mr. Barron's request for release, as he suggests.  Mr. Barron should at least attempt to exhaust his administrative remedies in the first instance.

The Court is further inclined to deny the motion for compassionate release to home confinement at this time because while Mr. Barron has already served a lengthy term of

twenty-six years imprisonment, his original sentence was substantially longer, at 210 years imprisonment.  See Judgment at 3.  The Court is inclined, however, to recommend to the BOP that Mr. Barron be transferred to FMC Lexington because of his underlying medical conditions which make him more susceptible to COVID-19.

Section 3621(b) of Title 18 of the United States Code vests final authority to determine a defendant's place of incarceration with the BOP.  See 18 U.S.C. § 3621(b).  Because Mr. Barron suffers from "high blood pressure, and [is] borderline diabetic," a recommendation for his placement in a medical center is warranted.  See Def.'s Mot. at 4; see also People with Certain Medical Conditions, CENTER FOR DISEASE CONTROL AND PREVENTION, www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  While there is no guarantee that if the BOP accepts the Court's recommendation, it would transfer Mr. Barron to his facility of choice, the Court should note that FMC Lexington, where Mr. Barron seeks to be transferred, currently has ten active cases of the virus while USP McCreary, where he is currently housed, has one.  See COVID-19 Cases, FEDERAL BUREAU OF PRISONS, bop.gov/coronavirus/.  The rate of infection at other medical centers of which this Court is aware is even higher still.  Accordingly, it is hereby

ORDERED that Defendant's Motion Request for this Court to Immediately Release Defendant from the Penitentiary [Dkt. No. 540] is DENIED without prejudice, and it is

4

FURTHER ORDERED that Mr. Barron and his counsel review the current state of infections at USP McCreary and surrounding Federal Medical Centers and advise the Court via supplemental filing whether Mr. Barron still requests a recommendation for transfer and to which medical center.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 22, 2020