UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 95-0088-2 (PLF) |
| | ) | Civil Action No. 16-1314 (PLF) |
| PERCY BARRON, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Pending before the Court is defendant Percy Barron's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Def. Mot.") [Dkt. No. 526], as amended by his Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255 Based on Johnson and Davis ("Def. Suppl.") [Dkt. No. 552]. Mr. Barron argues that his convictions under 18 U.S.C. § 924(c)(1), which were all based on the predicate offense of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), are unconstitutional and should be vacated in light of the Supreme Court's holdings in Johnson v. United States ("Johnson"), 576 U.S. 591 (2015), and United States v. Davis ("Davis"), 588 U.S. 445 (2019). Upon careful consideration of the parties' papers and the entire record in this case, the Court will deny Mr. Barron's motion.[1]

---

[1] The Court has reviewed the following documents in connection with the pending motion: Indictment [Dkt. No. 1]; Judgment [Dkt. No. 274]; Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence ("Def. Mot.") [Dkt. No. 526]; Defendant's Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255 Based on Johnson and Davis ("Def. Suppl.") [Dkt. No. 552]; United States' Opposition to Defendant's Motion to Vacate Judgment ("Gov't Opp.") [Dkt. No. 576]; Defendant's Notice Motion to His Supplemental Motion to Vacate Judgment ("Def. Notice Mot.") [Dkt. No. 578]; and Defendant's Reply in Support of His § 2255 Motion ("Def. Rep.") [Dkt. No. 623].

I. FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 1996, Mr. Barron was found guilty by a jury on thirty-four counts, stemming from a series of serious offenses perpetrated by Mr. Barron and two co-defendants between July 3, 1993, and September 20, 1993. See Minute Entry of August 9, 1996. Relevant to Mr. Barron's pending motion, he was charged with and convicted of three counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)—Counts 37, 44 and 53. See Judgment at 1. These three Section 924(c)(1) charges were predicated on three separate Hobbs Act robberies in violation of 18 U.S.C § 1951. See Indictment ¶¶ 41, 48, 57.

On March 4, 1997, Judge Gladys Kessler sentenced Mr. Barron to an aggregate term of 409 years and 4 months to life in prison. See Judgment at 3.[2] This sentence included a five-year sentence on Count 37, a twenty-year sentence on Count 44, and a twenty-year sentence on Count 53, to run consecutive to each other and all other counts. See id. On appeal, the D.C. Circuit reversed Mr. Barron's conviction on three counts—Counts 56, 57, and 60—but affirmed Judge Kessler's judgment as to the remaining counts. See United States v. Cunningham, 145 F.3d 1385, 1394-99 (D.C. Cir. 1998). Consistent with the court of appeals' remand instructions, on November 13, 1998, Judge Kessler resentenced Mr. Barron to an aggregate term of 319 years and 4 months to life in prison. See Minute Entry of November 13, 1998.

On June 25, 2016, Mr. Barron filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, "challeng[ing] his conviction for using a firearm during a 'crime of violence' in violation of 18 U.S.C. § 924(c)." See Def. Mot. at 1. On August 31, 2020, Mr. Barron supplemented his Section 2255 motion, arguing in greater detail

---

[2] Judge Kessler presided over this case through entry of final judgment. See Judgment at 2. The case was reassigned to the undersigned after Mr. Barron filed his Section 2255 motion to vacate his sentence. See Minute Entry of June 29, 2017.

that after the Supreme Court's decisions in Johnson and Davis, his Section 924(c)(1) convictions are unconstitutional because his predicate offense of Hobbs Act robbery in violation of 18 U.S.C § 1951 does not qualify as a "crime of violence." See Def. Suppl. at 5-9. The parties have fully briefed the issue, and Mr. Barron's Section 2255 motion is now ripe for decision.[3]

## II. LEGAL STANDARD

A federal prisoner may move to vacate, set aside, or correct a sentence if he believes that the sentence was imposed, among other things, "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As the movant, Mr. Barron "bears the burden of establishing a denial of constitutional rights by a preponderance of the evidence." United

---

[3]     On March 15, 2021, Mr. Barron filed a pro se "notice motion" in which he argued that his Section 924(c)(1) convictions were unconstitutional because he was never charged with Hobbs Act robbery, the predicate offense underlying those convictions. See Def. Notice Mot. at 2. Indeed, the indictment charged Mr. Barron with only violations of Section 924(c)(1), and not with any of the underlying Hobbs Act robberies. See Indictment ¶¶ 41, 48, 57. But as the D.C. Circuit has explained, "a § 924(c)(1) conviction stands on its own even if the defendant is acquitted of the underlying offense or the underlying offense is not charged, so long as the government presents sufficient evidence to prove the predicate offense as an element of the § 924(c)(1) violation." United States v. Anderson, 59 F.3d 1323, 1326 (D.C. Cir. 1995) (citing United States v. Laing, 889 F.2d 281, 288-89 (D.C. Cir. 1989)); see also United States v. Hopkins, 310 F.3d 145, 152 (4th Cir. 2002) (explaining that "a defendant's conviction under § 924(c) 'does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt.'") (quoting United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997)).

In Mr. Barron's case, the indictment states that Hobbs Act robbery in violation of 18 U.S.C. § 1951 is the predicate offense underlying each of his Section 924(c)(1) charges. See Indictment ¶¶ 41, 48, 57. And at trial, the jury was explicitly instructed that before it could convict Mr. Barron of using or carrying a firearm during or in relation to a crime of violence in violation of Section 924(c)(1), it "must first unanimously agree that [he] is guilty of the underlying crime of violence"—Hobbs Act robbery. Transcript of Record, United States v. Barron, Crim. No. 95-0088-2 (July 29, 1996 Morning Proceedings) [Dkt. No. 226] at 68:15-18. The jury was also instructed on the elements of Hobbs Act robbery. See id. at 68:19-23. And on August 9, 1996, the jury unanimously found Mr. Barron guilty beyond a reasonable doubt of three counts of violating Section 924(c)(1), with three violations of Section 1951 as the underlying predicate offenses. See Judgment at 1-3. Mr. Barron's Section 924(c)(1) convictions therefore stand on their own, even though he was not charged with the underlying offenses.

States v. Clark, 382 F. Supp. 3d 1, 27 (D.D.C. 2019) (citing Daniels v. United States, 532 U.S. 374, 381-82 (2001)).  Upon determining that a sentence has been imposed unlawfully, the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." United States v. Cross, 256 F. Supp. 3d 46, 47 (D.D.C. 2017) (quoting 28 U.S.C. § 2255(b)); see also United States v. Palmer, 854 F.3d 39, 49 (D.C. Cir. 2017).

Section 924(c)(1)(A) imposes mandatory minimum sentences on defendants convicted of using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A); see also United States v. Mejia, 502 F. Supp. 3d 387, 390 (D.D.C. 2020) ("[A] defendant commits a § 924(c)(1) offense when he commits some other crime (the 'predicate crime') and, while doing so, possesses a firearm."). "Sentences under Section 924(c) may not run concurrently with any other sentence, including that of the underlying crime of violence or drug trafficking crime." United States v. Smith, 104 F.4th 314, 318 (D.C. Cir. 2024).  As defined by statute, a "crime of violence" is a felony offense:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "The first clause is known as the elements clause; the second is known as the residual clause." St. Hubert v. United States, 140 S. Ct. 1727, 1728 n.2 (2020) (Sotomayor, J., respecting the denial of certiorari).  In 2019, the Supreme Court found the residual clause, 18 U.S.C. § 924(c)(3)(B), unconstitutionally vague. Davis, 588 U.S. at 470.  As a result, an offense can only qualify as a "crime of violence" if it satisfies Section 924(c)(3)'s

4

elements clause by including, as an element, the actual, attempted, or threatened use of physical force.  See United States v. Smith, 104 F.4th at 318.

To determine whether an underlying crime satisfies Section 924(c)(3)'s elements clause, courts must employ a "categorical approach."  See United States v. Smith, 104 F.4th at 319; see also United States v. Abu Khatallah, 316 F. Supp. 3d 207, 212 (D.D.C. 2018).  Under this approach, courts "[ignore] the particular facts of the case" and instead focus solely on whether the elements of the crime of conviction necessarily involve the use, attempted use, or threatened use of physical force as defined in Section 924(c)(3)(A).  Mathis v. United States, 579 U.S. 500, 504 (2016); see also United States v. Smith, 104 F.4th at 319; United States v. Alazo, Criminal No. 20-0131, 2023 WL 8648827, at *4 (D.D.C. Dec. 14, 2023); United States v. Kennedy, 133 F.3d 53, 56 (D.C. Cir. 1998) ("A 'crime of violence' . . . [is] ordinarily designated as such by looking to the statutory definition of the crime, rather than the evidence presented to prove it.").  This is because Section 924(c)(3)'s elements clause focuses on the legal "elements" of the underlying crime, not an individual's conduct in committing the crime.  See United States v. Smith, 104 F.4th at 319; United States v. Taylor, 596 U.S. 845, 850 (2022) (holding that Section 924(c)(3)'s elements clause "precludes . . . an inquiry into how any particular defendant may commit the crime.").  Specifically, courts must presume that the defendant's conviction "'rested upon [nothing] more than the least of th[e] acts' criminalized, before determining whether even those acts are encompassed by the generic federal offense."  Moncrieffe v. Holder, 569 U.S. 184, 191 (2013) (quoting Johnson v. United States, 559 U.S. 133, 137 (2010)).  If the least culpable conduct criminalized under the relevant statute satisfies Section 924(c)(3)'s elements clause, then the defendant's conviction is a crime of violence.  See United States v.

5

Clark, Criminal No. 10-0133, 2024 WL 4263866, at *3 (D.D.C. Sept. 23, 2024); see also United States v. Duran, Criminal No. 94-0447, 2025 WL 1094221, at *3 (D.D.C. Apr. 11, 2025).

### III.  DISCUSSION

In his Section 2255 motion, Mr. Barron argues that his Section 924(c)(1) convictions must be vacated because Hobbs Act robbery in violation of Section 1951(a) does not qualify as a "crime of violence" under Section 924(c)(3)'s elements clause.  See Def Suppl. at 5.[4] Unfortunately for Mr. Barron, this Court recently held the opposite:  Hobbs Act robbery in violation of Section 1951(a) qualifies as a "crime of violence" under Section 924(c)(3)'s elements clause.  See United States v. Smith ("Smith"), Criminal No. 95-0218 (PLF), 2025 WL 2149399, at *6 (D.D.C. June 20, 2025).  Every court of appeals to consider the question has held the same.  Id. at *3 (collecting cases).  The D.C. Circuit has not had occasion to decide whether Hobbs Act robbery is a "crime of violence" under Section 924(c)(3)'s elements clause, but every judge in this district to consider the question has held that it is.  Id. (collecting cases).

For the same reasons articulated in Smith, the Court finds that Hobbs Act robbery in violation of Section 1951(a) qualifies as a "crime of violence" under Section 924(c)(3)'s elements clause.  See 2025 WL 2149399, at *3-6.  Mr. Barron resists this straightforward conclusion, advancing three arguments for why Hobbs Act robbery is not a crime of violence

---

[4]     The government argues that Mr. Barron's claims are barred by the procedural default rule because he did not challenge his Section 924(c)(1) conviction on direct appeal.  See Gov't Opp. at 6-7; see also United States v. Hicks, 911 F.3d 623, 627 (D.C. Cir. 2018) ("When a convicted defendant fails to raise a challenge to his conviction or sentencing on direct appeal, that claim is deemed to be procedurally defaulted and may be raised in habeas only if the defendant establishes either (i) 'cause' for the default and 'actual prejudice' resulting from the alleged violation, or (ii) his 'actual[] innocen[ce.]'") (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).  The Court need not address this argument because, as explained below, Mr. Barron's Section 2255 claims fail on the merits.  See United States v. Smith, Criminal No. 95-0218 (PLF), 2025 WL 2149399, at *3 n.3 (D.D.C. June 20, 2025).

under Section 924(c)(3)'s elements clause. First, Mr. Barron argues that the plain text of the Hobbs Act robbery statute criminalizes "putting someone in fear of future injury to his property, which does not require the use, attempted use, or threatened use of 'violent force.'" Def. Suppl. at 7; see also Def. Rep. at 5-7. Second, he argues that Hobbs Act robbery could be committed by placing someone in fear of injury to their intangible property—for example, "by threatening to attack their computer system or delete their database," which requires no actual use or threatened use of physical force. Def. Suppl. at 9; see also Def. Rep. at 7. Lastly, he argues that Hobbs Act robbery could be committed by the application of de minimis force to tangible property—"[f]or example, a vintage car can be injured by a mere scratch, and a collector's stamp can be injured by tearing it gently." Def. Suppl. at 9 (quoting United States v. Chea ("Chea"), Criminal No. 98-20005-1, 2019 WL 5061085, at *8 (N.D. Cal. Oct. 2, 2019)); see also Def. Rep. at 10-11. According to Mr. Barron, these examples demonstrate "that Hobbs Act robbery can be committed without the use, attempted use, or threatened use of violent physical force." Id.

This Court rejected identical arguments in Smith. See 2025 WL 2149399, at *5-6. As explained in Smith, a close reading of the Hobbs Act robbery statute makes clear that putting someone in "fear of injury" to their property, 18 U.S.C. § 1951(b)(1), requires "the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(c)(3)(A), so Mr. Barron's first argument gets him nowhere. His second argument fails because both Section 924(c)(3)'s elements clause and the Hobbs Act robbery statute criminalize conduct directed at "property" generally, with no further distinction between tangible and intangible property. Compare 18 U.S.C. § 924(c)(3)(A) (". . . physical force against the person or property of another") (emphasis added), with 18 U.S.C. § 1951(b)(1) (". . . fear of injury . . . to his person or property.") (emphasis added). So "to the extent that [Mr. Barron] attempts to minimize the

7

level of force one can apply to property and still be found guilty of Hobbs Act robbery, there would be no reason not to apply the same analysis to both statutes." United States v. McCallister ("McCallister"), Criminal No. 15-0171 (ABJ), 2016 WL 3072237, at *8 (D.D.C. May 31, 2016) (quoting United States v. Hancock ("Hancock"), 168 F. Supp. 3d 817, 822 (D. Md. 2016)); see also United States v. Eckford, 77 F.4th 1228, 1235 (9th Cir. 2023) ("[I]f 'property' encompasses intangible property in the Hobbs Act, then so does 'property' in § 924(c); conversely, if the Hobbs Act does not extend to intangible property, then neither does § 924(c)."); United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e do not discern any basis in the text of either [Section 924(c)(3)'s elements clause or Section 1951] for creating a distinction between threats of injury to tangible and intangible property for purposes of defining a crime of violence.").[5]

---

[5] Mr. Barron also relies heavily on Chea, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019), an unpublished opinion from the Ninth Circuit. See Def. Suppl. at 7, 9; see also Def. Rep at 6-7, 11, 11 n.3, 16-17. In Chea, the court held that "Hobbs Act robbery is not categorically a crime of violence under the elements clause of § 924(c)(3), because the offense can be committed by causing fear of future injury to property, which does not require 'physical force' within the meaning of § 924(c)(3)." Chea, 2019 WL 5061085, at *1. The Chea court explained that "where the property in question is intangible, it can be injured without the use of any physical contact at all; in that context, the use of violent physical force would be an impossibility." Id. at *8 (footnote omitted).

But four years later, in United States v. Eckford, 77 F.4th at 1235-36, the Ninth Circuit in a published opinion explicitly rejected this construction of the Hobbs Act, explaining that the "broad form of intangible injury" that the defendant described—i.e., injury to intangible property, like economic interests—was "a far cry from the physical harm evoked by the terms 'force,' 'violence,' and 'fear of injury.'" Id. at 1235. For that reason, the Ninth Circuit found that "Hobbs Act robbery is a crime of violence." Id. at 1236 (citing United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (finding that fear of injury "necessarily involves the threat to use physical force.")). Published opinions in the Ninth Circuit are precedential; unpublished opinions are not. Compare Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) ("[A] published decision of this court constitutes binding authority which 'must be followed unless and until overruled by a body competent to do so.'" (quoting Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001)), with 9th Cir. R. 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent."). Thus, Eckford is the law in the Ninth Circuit.

8

The cases that Mr. Barron cites to support his argument that Hobbs Act robbery criminalizes injuries to intangible property are inapposite because each case "deals with extortion under the Hobbs Act, not the separate and distinct offense of robbery." McCallister, 2016 WL 3072237, at *9 (emphasis added); see Def. Suppl. at 8 (citing United States v. Local 560 of the Int'l Brotherhood of Teamsters, 780 F.2d 267, 281 (3d Cir. 1985), United States v. Arena, 180 F.3d 380, 392 (2d. Cir. 1999), and United States v. Iozzi, 420 F.2d 512, 514 (4th Cir. 1970)). As Judge Hazel observed in Hancock when faced with the same argument and case law, these authorities offer little support for Mr. Barron's proposition because "[t]o the extent these cases deal with 'intangible property,' it appears to be in the context of the property being extorted, i.e., taken, not the property being subjected to threats or actual force or fear of injury." Hancock, 168 F. Supp. 3d at 822-23; accord McCallister, 2016 WL 3072237, at *9; United States v. Crawford, Criminal No. 15-70, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016).

Mr. Barron's remaining argument—that Hobbs Act robbery cannot categorically qualify as a crime of violence because it can be accomplished through a de minimis use of force—is similarly unpersuasive. See Def. Suppl. at 9; Def. Rep. at 10-21. At bottom, Mr. Barron argues that the Hobbs Act robbery statute criminalizes acts that do not involve a requisite amount or severity of physical force. See Def. Suppl. at 6-7. As noted by other courts, however, whether a predicate offense qualifies as a crime of violence does not turn on the "violence" of the underlying act "in an intuitive sense." United States v. Washington, Criminal No. 18-13 (RC), 2020 WL 6262095, at *3 (D.D.C. Oct. 23, 2020) (quoting United States v. Abu Khatallah, 316 F. Supp. 3d at 214); see also United States v. Hill, 890 F.3d 51, 58 (2d Cir. 2018) (reasoning that Section 924(c)(3)'s elements clause does not "require that a particular quantum of force be employed or threatened to satisfy its physical force requirement."). Rather, for a

9

predicate offense to qualify as a "crime of violence" under Section 924(c)(3)'s elements clause, "all of [its] prohibited acts [must] involve 'force capable of causing physical injury.'" United States v. Abu Khatallah, 316 F. Supp. 3d at 215 (quoting Johnson v. United States, 559 U.S. at 140); see also United States v. Hill, 890 F.3d at 58 ("'[P]hysical force' as used in [Section 924(c)(3)(A)] means no more nor less than force capable of causing physical pain or injury to a person or injury to property.") (emphasis in original). As this Court held in Smith, "all three means of committing Hobbs Act robbery 'require a threat of the kind of force described in Johnson, that is, violent force capable of causing physical pain or injury.'" 2025 WL 2149399, at *6 (quoting United States v. Eckford, 77 F.4th at 1235) (cleaned up).

Having exhausted Mr. Barron's arguments, the Court finds that completed Hobbs Act robbery in violation of Section 1951(a) "'necessarily requires using or threatening force' against the person or property of another." United States v. Worthen, 60 F.4th 1066, 1068-69 (7th Cir. 2023) (quoting United States v. McHaney, 1 F.4th 489, 491 (7th Cir. 2021)). Completed Hobbs Act robbery therefore is a crime of violence under Section 924(c)(3)'s elements clause. Accordingly, it is hereby

ORDERED that defendant Percy Barron's Motion Under Section 2255 To Vacate, Set Aside, or Correct Sentence [Dkt. No. 526], as amended by his Supplemental Motion to Vacate Judgment Under Section 2255 Based on Johnson and Davis [Dkt. No. 552], is DENIED.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 11/14/25